(89 App. Div. 202.)

## WAGNER v. SCHERER.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. INTOXICATING LIQUORS—NOTE FOR PRICE—SECURITIES.

A note given by defendant for liquor sold by plaintiff on credit to defendant's son, to be drunk on plaintiff's premises, is one for the purchase price and is a security for the debt, within section 32, Laws 1896, p. 74, c. 112, as amended by Laws 1897, p. 237, c. 312, providing that no recovery shall be had in an action for the purchase price of a sale on credit of liquor to be drunk on the premises where sold; and that all securities given for such debt shall be void.

Appeal from Municipal Court, Borough of Queens, Second District.

¶ 1. See Intoxicating Liquors, vol. 29, Cent. Dig. § 47·

Action by William H. Wagner against Phillip Scherer. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

H. C. Underhill, for appellant.

WILLARD BARTLETT, J. This is an action on a promissory note for $83.50 made by the defendant to the order of the plaintiff. The defendant succeeded on the trial on the ground that the note was given in payment for liquor sold on credit to the defendant's son to be drunk on the premises of the plaintiff. The evidence was sufficient to warrant the municipal judge in finding that this was the real consideration for the execution and delivery of the note, and I am of opinion that the judgment was right, and should be affirmed.

In section 32 of the liquor tax law it is provided as follows:

"No recovery shall be had in any civil action, to recover the purchase price of any sale on credit of any liquor, to be drunk on the premises, where the same shall be sold. All securities given for such debt shall be void." Chapter 112, p. 74, of the Laws of 1896, as amended by chapter 312, p. 237, of the Laws of 1897.

I think that the defense may be regarded as having been made out under either of the two sentences which I have quoted from the liquor tax law. In the first place, an action upon a promissory note for the value of liquor sold on credit, to be drunk on the premises, is, in effect, an action to recover the purchase price of such liquor. In the second place, such a promissory note is a security "given for such debt," within the meaning of the statute, and therefore void. In popular acceptation the term "securities" includes promissory notes. Anderson's Dictionary of Law, p. 931. "Promissory notes, among our people, are regarded as securities for money, more or less valuable; indeed, in proportion as the pecuniary ability and credit of the makers of them, are more or less reliable." Jennings v. Davis, 31 Conn. 134, 140. Under the charter of a bank empowering it to "purchase securities of every kind" it has been held that the term "securities" as therein used meant notes, bills of exchange, and bonds; in other words, evidences of debt, promises to pay money. Bank of Commerce v. Hart, 37 Neb. 197, 202, 55 N. W. 631, 20 L. R. A. 780, 40 Am. St. Rep. 479. But the term "securities" embraces promissory notes not only in a popular sense, but in a legal sense as well. This was expressly held by Lord Chancellor Sugden in the case of Barry v. Harding, 1 Jones & Latouche, 475, 483. I quote from the opinion in that case:

" 'Money and securities for money' is the phrase I have to construe. A bill of exchange or promissory note is a security for money in a legal and proper sense of the words; but, were I to hold that an I. O. U. is a security for money, it would involve the subject in much difficulty. Suppose the testator wrote to his debtor for a sum of money due to him, and the debtor in reply admitted the debt, would that be a security for money? Or if the testator had written to one of his debtors, 'Send me a security or I will proceed against you,' would he have been satisfied with an I. O. U. in return? There is a sound distinction between an I. O. U. which is an acknowledgment of a debt and an instrument given to secure the repayment of a sum of money."

It seems to me quite clear that the intent of section 32 of the liquor tax law to invalidate all claims for the purchase price of liquor sold on credit over the bar might be to a great extent defeated if it were held that a promissory note given for the price of liquor thus sold was a valid and enforceable obligation. The authorities cited suffice to show that the term "securities," as used in the statute, is broad enough to include promissory notes, and I have no doubt that it should be so construed.

I recommend an affirmance of this judgment.

**Judgment of Municipal Court affirmed, with costs. All concur.**